UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHIGAN NURSES ASSOCIATION,

      Plaintiff,

 -vs-

ASCENSION BORGESS HOSPITAL
d/b/a BORGESS MEDICAL CENTER,

      Defendant.
_____

Case No. 1:26-cv-_____

Hon. _____

Timothy J. Dlugos (P57179)
Lauren A. Nicholson (P87027)
WHITE SCHNEIDER PC
Attorneys for Plaintiff
1223 Turner Street, Suite 200
Lansing, MI  48906
(517) 349-7744
tdlugos@whiteschneider.com
lnicholson@whiteschneider.com
_____

## **COMPLAINT TO COMPEL LABOR ARBITRATION**

NOW COMES Plaintiff, Michigan Nurses Association (hereinafter "Association" or "MNA"), by and through its attorneys, White Schneider PC, and, for their Complaint against Defendant, Ascension Borgess Hospital d/b/a Borgess Medical Center (hereinafter "Employer"), states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Association and Defendant Employer are parties to a three-year collective bargaining agreement in effect from December 14, 2022 through

December 14, 2025 ("CBA") which establishes the terms and conditions of employment for the Association's members while they are employed by the Employer in Kalamazoo County. (Entire copy of CBA is attached as Exhibit 1.)

2. Plaintiff Association is a labor organization representing employees in industries affecting commerce within the meaning of the Labor Management Relations Act of 1947 ("LMRA") (i.e., 29 U.S.C. §§142, 152, and 185), and represent employees within this judicial district, specifically, in Kalamazoo County, Michigan. The Association is the sole and exclusive bargaining representative for the purpose of collective bargaining in respect to wages and rates of pay, hours of employment, and other conditions of employment of all the Registered Professional Nurses of the Employer included in the bargaining unit as certified by the Michigan Employment Relations Commission as follows:

> All Registered Professional Nurses employed by the Medical Center and classified as full-time and part-time employees (part-time employees are regularly scheduled to work at least sixteen (16) hours or more per week), excluding Directors, Assistant Directors, Supervisors, Clinical Nurse Specialist, Nurse Educators, Clinical Managers, Nurse Practitioners, Infection Control Specialist, Stomal Therapist, Employee Health Outcomes Specialist, members of the Order of the Sisters of St. Joseph, PRN Nurses, RNs employed by the Medical Center or Ascension-affiliated entities on a limited term basis, and other employees.
>
> Graduate nurses and nurses in the Nurse Residency Program shall be included in the bargaining unit. Pay rates for Graduate nurses and nurses in the Nurses Residency Program will be the starting rate of the RN scale, and those nurses will be considered probationary employees.

CBA – Recognition Clause; Exhibit 1 at 1.

3. Defendant Employer is an employer engaged in an industry affecting commerce within the meaning of the LMRA (i.e., 29 U.S.C. §§142, 152, and 185) and does business within this judicial district, specifically, in Kalamazoo County, Michigan.

4. This Court has jurisdiction over this action under §301 of the LMRA; 29 U.S.C. §185, and under 29 U.S.C. §1337.

5. This action properly lies in the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. §§1391(b)(1) and (2), because the claim arose in this judicial district as all parties are residents of this judicial district, and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

**FACTS**

6. Plaintiff Association incorporates by reference paragraphs 1 through 5 above.

7. The Association and the Employer are parties to a successive series of collective bargaining agreements ("CBA"). The most recent CBA spans the time period December 14, 2022 – December 14, 2025.

8. The parties have also reached a tentative agreement for a new successor multi-year collective bargaining agreement.

9. Prior negotiated CBAs covered three-year periods between 2013-2016 and 2016-2019, as well as a two-year period between 2020-2022. The wages, hours, and other terms and conditions of employment, including the grievance procedure for the Association's members, are set forth in each CBA.

10. The grievance at issue arises from language first added into the parties 2016-2019 CBA and continued with its 2020-2022 CBA. (Exhibits 2 and 3.)

11. Article 23 of each iteration of the CBA sets forth the agreed-upon Grievance Procedure that, among other things, provides for the resolution of grievances regarding the interpretation or application of the CBA.

12. A grievance is defined by Article 23, Section B as:

> . . . a dispute between an associate or the Association and the Medical Center involving the application of one or more provisions of this Agreement or a claimed violation of one or more provisions of this Agreement, presented in a timely manner as defined below. A grievance under this Agreement shall include a statement concerning the section or sections of the Agreement or the past practice which are claimed to have been violated, a description of the alleged violation including but not limited to the date(s) on which the violation is alleged to have occurred, the name(s) of the associate or associates who are grievant(s) (or a description of the group of associates in the case of a Group Grievance), and a brief summary of facts on which it is based and the remedy sought, to the extent it can be determined at the time, written on a standardized form.

Exhibit 1, at 22; Exhibit 2, at 20; Exhibit 3, at 20-21.

13. If grievances are not resolved through the initial steps of the procedure, Article 23, Section E, Step 4 provides, "Any grievance involving the application or interpretation of this Agreement may be submitted to arbitration by the Association, provided a demand to arbitrate is filed within forty-five (45) calendar days of receiving the Step 3 answer." The agreed-upon procedures for arbitration are thereafter explained in the CBA. (Exhibit 1, at 23; Exhibit 2, at 21-22; Exhibit 3, at 21-22.)

14. Under Article 23, Section E, Step 4(d), the arbitrator's decision shall be final and binding. (Exhibit 1, at 24; Exhibit 2, at 22; Exhibit 3, at 22.)

4

15. On or about May 16, 2025, the Association learned that the Employer had removed all credited funds from the Retirement Health Reimbursement Accounts of approximately 120 bargaining unit registered nurses, which the Association estimates to be a total loss of over $500,000.

16. On May 16, 2025, the Association filed a grievance. (See Exhibit 4 attached hereto.) The grievance references language from the parties' 2016-2019 CBA relative to Retirement Health Reimbursement Accounts ("HRA") accruing to bargaining unit members.

17. The Retirement HRA program contained in Article 30, Section 2.C. of the 2016-2019 and 2020-2022 CBAs provided terms and conditions by which each employee was credited with funds eligible for reimbursement at a later date. (Exhibit 2, at 45; Exhibit 3, at 43.)

18. The Employer's subsequent erasure of such credits in May 2025 (i.e., during the effective term of the 2022-2025 CBA) violated the terms accrued during the course of those prior CBAs.

19. On August 11, 2025, the Employer provided its "Step 3 Grievance Response" to the Association. (See Exhibit 5 attached hereto.)

20. Through correspondence dated September 2, 2025, the Association notified the Employer of its intention to move the grievance to arbitration. (See Exhibit 6 attached hereto.)

21. On or about December 18, 2025, the Employer's agent communicated to the Association its refusal to arbitrate the grievance under the terms required by Article 23, Section E, Step 4.

5

**COUNT I**
**TO COMPEL ARBITRATION**

22. Plaintiff Association adopts by reference paragraphs 1 through 21 above.

23. According to the clear contract language of Article 23 of the 2016-2019, 2020-2022, and 2022-2025 collective bargaining agreements, the Employer is obligated to arbitrate the Association's grievance.

24. By refusing to cooperate or participate in arbitration of the grievance, the Employer breached and continues to breach the CBA.

25. By refusing to cooperate or participate in arbitration of the grievance and by breaching the CBA, the Employer is undermining the collective-bargaining relationship and causing harm and damage to the Association and its employees of the collective-bargaining unit at Employer's location.

26. As a direct and proximate result of this breach of the CBA, the Association will be denied its bargained-for contractual rights to have its grievance arbitrated under the grievance procedure.

27. Plaintiff asks that this Court find Defendant, Ascension Borgess Hospital, d/b/a Borgess Medical Center, to be in breach of the CBA and compel it to comply with the CBA and arbitrate the grievance.

WHEREFORE, Plaintiff Association asks this Court to:

A. Enter judgment in favor of Plaintiff, and against Defendant Employer, finding that Defendant breached and continues to breach the CBA.

B. Compel Defendant to cooperate and participate in the arbitration of the grievance in compliance with the CBA.

      C.      Direct Defendant to pay the attorney's fees and costs incurred by Plaintiff in prosecuting this lawsuit.

      D.      Award such other relief to Plaintiff as law, equity, and circumstances may warrant.

Respectfully submitted

WHITE SCHNEIDER PC
Attorneys for Plaintiff

Dated:  February 10, 2026

By_____ */s/ Lauren A. Nicholson*_____
      Timothy J. Dlugos (P57179)
      Lauren A. Nicholson (P87027)
      WHITE SCHNEIDER PC
      Attorneys for Plaintiff
      1223 Turner Street, Suite 200
      Lansing, MI  48906
      (517) 349-7744
      tdlugos@whiteschneider.com
      lnicholson@whiteschneider.com